IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
TIME:_____
JUN - 2 2006
JAMES BONINI, Clerk
COLUMBUS, OHIO

DEON MONROE,

Petitioner,

v.

CASE NO. 2:05-cv-857
JUDGE FROST

ROB JEFFRIES, Warden,

MAGISTRATE JUDGE ABEL

Respondent.

## OPINION AND ORDER

On April 28, 2006, the Magistrate Judge issued a *Report and Recommendation* recommending that petitioner be appointed counsel and that an evidentiary hearing be held to further develop the record as to whether trial counsel advised Monroe of his right to appeal his guilty plea, when he became aware of that right, and whether he was diligent in discovering that he had the right to appeal. Respondent has filed objections to the Magistrate Judge's *Report and Recommendation.* Petitioner has filed a reply to respondent's objections. For the reasons that follow, respondent's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. Petitioner is to be appointed counsel for an evidentiary hearing.

Respondent again argues that the Constitution does not require that defendants pleading guilty be advised of the right to appeal. Respondent contends that *Wolfe v. Randle*, 267 F.Supp.2d 743 (S.D. Ohio 2003), relied on by the Magistrate Judge, was incorrectly decided, and that *Poindexter v. Smith,* Case No. 2:02-cv-1181 (S.D. Ohio, Eastern Division, July 7, 2003), Exhibits A and B to Objections, conflicts with the Magistrate Judge's recommendations in this case.

Additionally, respondent asserts that petitioner's claim that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004), is without merit, as petitioner's conviction became final prior to the United States Supreme Court's June 24, 2004, decision in *Blakely*. Therefore, respondent contends, there is no need to determine whether the instant habeas corpus petition is timely.

Respondent's objections are not well taken. *Poindexter, supra*, is not analogous to this case. *Poindexter* involved a guilty plea wherein petitioner agreed to a jointly recommended sentence and thereby waived his right to appeal. *See* O.R.C. §2953.08(D). Further, this Court finds persuasive the reasoning of the United States District Court for the Southern District of Ohio, Western Division, in its conclusion in *Wolfe v. Randle, supra*, in view of the cases of the United States Supreme Court cases referred to therein, that "due process is offended when a defendant who pled guilty is kept completely ignorant of his appellate rights." *Wolfe v. Randle, supra,* 267 F.Supp.2d at 746. Respondent correctly notes, as was discussed by the Magistrate Judge, *see Report and Recommendation*, at 4, that petitioner's conviction in this case became final on May 9, 2003, when the time period expired to file a timely appeal to the state appellate court. Further, the United States Court of Appeals for the Sixth Circuit has held that *Blakely* is not retroactively applicable to cases on collateral review. *Humphress v. United States*, 398 F.3d 855, 863 (6th Cir. 2005). However, the Ohio Supreme Court in *State v. Foster*, 109 Ohio St.3d 1, 24, 29 (Ohio 2006), recently struck Ohio's sentencing statutes as unconstitutional in view of the United States Supreme Court's decision in *Blakely*, and held that all cases "pending on direct review must be remanded to trial courts for new sentencing hearings." *Id.*, at 31.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* objected to by respondent. For all of the foregoing reasons and

2

for the reasons discussed in the *Report and Recommendation*, respondent's objections are **OVERRULED**.

The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. Petitioner is to be appointed counsel for an evidentiary hearing to further develop the record as to whether trial counsel advised Monroe of his right to appeal his guilty plea, when he became aware of that right, and whether he was diligent in discovering that he had the right to appeal.

**IT IS SO ORDERED.**

GREGORY L. FROST
United States District Judge