IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DEON J. MONROE,                                  CASE NO. 2:05-cv-857
                                                 JUDGE FROST
     Petitioner,                              MAGISTRATE JUDGE ABEL

v.

ROB JEFFRIES, Warden,

     Respondent.

## OPINION AND ORDER

On January 12, 2007, the Magistrate Judge issued a *Report and Recommendation* recommending that petitioner's motion for summary judgment, Doc. No. 38, be granted in part and denied in part, and that the petition for a writ of habeas corpus conditionally be granted on Monroe's claim that he was denied the right to appeal. The Magistrate Judge recommended that the State of Ohio be ordered to reinstate petitioner's appeal within sixty (60) days or release petitioner, and recommended dismissal of the remainder of petitioner's claims as moot. Respondent has filed objections to the Magistrate Judge's recommendation. Petitioner does not object to the Magistrate Judge's recommendations, but has filed a response to respondent's objections. Doc. No. 44.

Summary. In February 2003, petitioner Deon Monroe pled guilty to trafficking in drugs. On April 9, 2003, he was sentenced to five years in prison. He did not appeal that sentence. On February 3, 2004, he filed a motion for delayed appeal, which was denied as untimely. Monroe filed a timely motion for leave to appeal, but on August 4, 2004 the Supreme Court of Ohio denied the motion. Monroe filed the instant habeas corpus petition on August 1, 2005.[1] Petitioner argues that

---

[1] The Clerk of Court for the Northern District of Ohio filed the petition on August 8, 2005. The date the Clerk of Court received the petition does not appear in the record. Monroe executed the petition and affidavit in support of his motion to proceed in forma pauperis on

he was unconstitutionally denied his right to appeal because he was never advised of that right and the Ohio Court of Appeals denied his timely filed motion for delayed appeal. The Magistrate Judge found that nothing in the record discredited Monroe's assertion that he was not advised of and did not know about his right to appeal. Relying on *Wolfe v. Randle,* 267 F.Supp.2d 743 (S.D. Ohio 2003), he held that petitioner was unconstitutionally denied his right to due process and to appeal.

Upon consideration of the arguments of the parties and *de novo* review of the Report and Recommendation, the Court remands this case to the Magistrate Judge to hold an evidentiary hearing to determine when Monroe learned or should have learned of his right to appeal his sentence.

Analysis. The issue presented is whether petitioner's petition for writ of habeas corpus was timely. Petitioner was sentenced on April 9, 2003, and he did not file a motion for delayed appeal until February 3, 2004. Monroe exhausted his Ohio appellate remedies on August 4, 2004, when the Supreme Court of Ohio denied his motion for leave to appeal.

Applying the literal language of 28 U.S.C. § 2244(d)(1)(A), Monroe's conviction became final May 9, 2003 when his time for filing a direct appeal expired. Rule 4(A), Ohio R. App. P. Using that starting point, he had until May 10, 2004 to file his federal habeas corpus petition. However, the time from February 3, 2004 when he filed his motion for delayed appeal under Rule 5(A), Ohio R. App. P., and August 4, 2004 when the Supreme Court of Ohio denied his motion for leave to appeal is excluded from the one-year period. 28 U.S.C. § 2244(d)(1). Further, since the Sixth Circuit considers a motion for delayed appeal to be part of the direct review of a criminal conviction, the 90-day period when Monroe could have--but did not--file a petition for writ of

---

August 1, 2005. Under the prison mailbox rule, the date of filing is the date the prisoner executed the petition and delivered it to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 270-72 (1988); *Towns v. United States,* 190 F.3d 468, 469 (6th Cir. 1999)

certiorari is also excluded. *DiCenzi v.Rose*, 452 F.3d 465, 469 (6th Cir. 2006). So the statute of limitations did not begin to run again until November 2, 2004. He filed his federal habeas corpus petition some 272 days later.

The Magistrate Judge, following *DeCenzi,* 452 F.3d at 468, held that Monroe's claim that he was denied an appeal from his sentence did not accrue until the Ohio Court of Appeals denied his motion for a delayed appeal. Consequently, the statute of limitations began to run not when Monroe's conviction became final, but when the 90 day period for filing a petition for writ of certiorari expired.

Respondent argues that the instant habeas corpus petition is time-barred. Respondent further contends that the Magistrate Judge's reliance on *DiCenzi* in concluding that petitioner's claim that he was denied his right to appeal is timely, is misplaced in view of the United States Supreme Court's decision in *Johnson v. United States*, 544 U.S. 295 (2005).

The petitioner in *Johnson* was sentenced as a career offender. After one of the convictions on which the career offender determination was made was set aside by a state court, he filed a habeas corpus petition under § 2255 challenging his federal sentence. The issue for decision was when did the statute of limitations begin to run on his § 2255 petition. Because a federal prisoner may not challenge his enhanced sentence in federal habeas corpus proceedings until he has obtained a vacatur of his predicate convictions in the state court, *Daniels v. United States*, 532 U.S. 324 (2001), the Supreme Court held that under § 2255 ¶6(4), the statute of limitations on such a claim

> begins when a petitioner receives notice of the order vacating the prior conviction, provided that he has sought it with due diligence in state court, after entry of judgment in the federal case with the enhanced sentence.

544 U.S. at 304-08. Further, a federal prisoner must act diligently from the date of the federal

judgment against him to obtain the state court vacatur, since that is the date that "the subject of the § 2255 claim has come into being" and "the significance of inaction is clear." *Id.*, at 309. Johnson had waited over three years after his federal sentence was imposed before attacking his convictions in state court by filing a state habeas corpus petition. *Id.*, at 311. Johnson's sole explanation for this delay was his *pro se* status. The Supreme Court rejected Johnson's *pro se* status as an adequate explanation for his delay in acting on his claim, and therefore affirmed the dismissal of Johnson's § 2255 petition as untimely. The Supreme Court stated:

> [W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness, and on this record we think Johnson fell far short of reasonable diligence in challenging the state conviction. Since there is every reason to believe that prompt action would have produced a state vacatur order well over a year before he filed his § 2255 petition, the fourth paragraph of the § 2255 is unavailable, and Johnson does not suggest that his motion was timely under any other provision.

*Id*.

Just as the petitioner's claim in *Johnson* did not arise until the state court vacated his prior conviction, Monroe's claim that he was denied the right to appeal his sentence did not arise until after the Ohio Court of Appeals denied his motion for leave to appeal. Similarly, both a delay in moving to set aside a state conviction on which a career offender determination rests and a delay in filing a motion for leave to appeal undermine the purpose of the AEDPA to eliminate delay and bring finality to criminal convictions. *Johnson*, 544 U.S. at 307-08.

*DiCenzi*, which was decided after *Johnson*, did not cite *Johnson* or consider the impact of a delay in filing a motion for delayed appeal. The reason that the *DiCenzi* court did not refer to *Johnson* in deciding when the statute of limitations began to run appears to be because it found as

a fact that the petitioner DiCenzi filed his motion for delayed appeal promptly after first learning that he had a right to appeal:

> On May 27, 1999, . . . [DiCenzi] was sentenced to five years imprisonment on the vehicular homicide count and eighteen months on the vehicular assault count, to be served consecutively. This constituted the maximum possible sentence for these convictions, and thus under Ohio law the sentencing judge was required to make certain specific factual findings and inform DiCenzi of his right to appeal his sentence despite his guilty plea. Ohio Rev. Code §§ 2953.08(A)(1)(b); 2953.08(A)(4). At sentencing, however, the trial judge did not inform DiCenzi of his right to appeal his sentence.
> . . . [I]n August 2001, DiCenzi contacted the Cuyahoga County Public Defenders' office ("Public Defender"), who informed him of his right to appeal his sentence. As a result, DiCenzi immediately filed a motion for leave to file a delayed appeal of his sentence on August 23, 2001.

452 F.3d at 466-67. Here respondent vigorously argues that Monroe learned of his right to appeal in the spring of 2003. If Monroe learned of his right to appeal no later than June 21, 2003, then some 227 days passed between his learning of his right to appeal a sentence and his filing a motion for delayed appeal. Given that a direct appeal must be filed within 30 days of the entry of judgment, a 227 delay in filing a motion for a delayed appeal arguably would be a failure to act with reasonable diligence within the meaning of *Johnson.*

However, contrary to respondent's assertion that the uncontroverted evidence demonstrates that Monroe knew of his right to appeal the sentence in the spring of 2003, there is conflicting evidence about when he first learned of that right. See January 12, 2007 Report and Recommendation at pp. 6-12. Having determined that *Johnson* applies and that the Magistrate Judge erred in concluding that *DiCenzi* dictated that, without consideration of whether petitioner acted with reasonable diligence in filing a motion for delayed appeal, the statute of limitations under 28 U.S.C. § 2241(d)(1) began to run with the date the Ohio Court of Appeals denied Monroe's motion for a delayed appeal, this case is REMANDED to the Magistrate Judge to hold an evidentiary hearing to

resolve that fact conflict. Respondent's objections to the Report and Recommendation are SUSTAINED to the extent that they seek an evidentiary hearing on the issue of when Monroe first learned that he could appeal his sentence.

    **IT IS SO ORDERED**.

                        /s/ Gregory L. Frost
                        Gregory L. Frost
                        United States District Judge